Steven S. Guy (#009106)
THE GUY LAW FIRM, P.L.L.C.
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258-5326
Telephone: 480.767.3175
Facsimile: 480.383.6874
E-Mail: steve@steveguylaw.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Munson, a married man,<br><br>Plaintiff,<br><br>v.<br><br>Life Insurance Company of North America, a foreign corporation,<br><br>Defendants. | No. _____<br><br>**COMPLAINT** |

For his Complaint against Life Insurance Company of North America ("Defendant"), Plaintiff David Munson ("Plaintiff"), by and through his undersigned attorney, alleges as follows:

**JURISDICTION**

1. At times relevant hereto, Plaintiff was a citizen and resident of both Maricopa and Pinal Counties, State of Arizona.

2. Upon information and belief, Defendant is a Pennsylvania corporation with its principal place of business in New York City, New York, and is authorized to and conducting insurance business in Arizona.

3. Plaintiff was insured under a Group Long Term Disability Insurance Certificate (the "Certificate") issued to him under a Group Policy, Policy No. SGD-612711, issued by Defendant to his employer, Specialist Resources Global, Inc., dba Emids Technologies ("Emids"), pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et. seq.* (the "Policy")

4. Pursuant to 29 U.S.C. §1132(a)(1), Plaintiff brings this action for benefits to which he may be entitled, and which were provided for under the Specialist Resources Global Inc dba Emids Technologies Employee Benefits Plan (the "Plan").

5. This Court has jurisdiction under ERISA, 29 U.S.C. §1132(e)(1) and 1132(f). In addition, jurisdiction exists under 28 U.S.C. §1331 which gives this Court jurisdiction over actions that arise under the laws of the United States.

6. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

## **DEFENDANT'S INSURANCE POLICY AND CERTIFICATE**

7. Prior to the onset of his total disability, Plaintiff's employer established the Specialist Resources Global Inc. dba Emids Technologies Employee Benefits Plan (the "Plan").

8. At all times pertinent hereto, the Plan has been in effect, with Emids acting as the Plan Sponsor and Plan Administrator and disability insurance benefits provided by Defendant in accordance with the Policy issued by Defendant.

9. Defendant is an ERISA fiduciary under the Plan.

10. At all times pertinent hereto, the Policy and Certificate have been in full force and effect.

11. Defendant controlled the adverse benefit determination that is the subject of this lawsuit.

12. Defendant is a proper defendant under ERISA. *Cyr v. Reliance Standard Life Ins. Co.,* 642 F.3d 1202 (9th Cir. 2011).

13. The Certificate includes the following Insuring Clause:

> **Disability Benefits:** We will pay a Disability Benefit if you become Disabled while covered under this Policy. You must satisfy the Elimination Period, be under the Appropriate Care of a Physician, and meet all the other terms and conditions of the Policy. You must provide to us, at your own expense, satisfactory proof of Disability before benefits will be paid. The Disability Benefit is shown in the Schedule of Benefits.

14. The Certificate defined the terms "Disability/Disabled" as follows:

> You are considered Disabled if, solely because of Injury or Sickness, you are:
>
> 1. unable to perform the material duties of your Regular Occupation; and
>
> 2. unable to earn 80% or more of your Indexed Earnings from working in your Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, you are considered Disabled if, solely due to Injury or Sickness, you are:
>
> 1. unable to perform the material duties of any occupation for which you are, or may reasonably become, qualified based on education, training or experience; and
>
> 2. unable to earn 60% or more of your Indexed Earnings.

15. The Certificate describes the "Gross Disability Benefit" as the "lesser of 60% of our monthly Covered Earnings rounded to the nearest dollar or your Maximum Disability Benefit."

16. The Certificate states that the "Maximum Disability Benefit" is $10,000.00 per month.

**PLAINTIFF'S PRE-DISABILITY OCCUPATION**

17. Prior to his total disability and since 1993, Plaintiff worked for Emids (and its predecessor in interest), a global healthcare consulting and technology solutions company headquartered in Nashville, Tennessee with over 3,300 employees working in offices across six countries.

18. At the time he stopped work due to his total disability, Plaintiff was a Senior Vice President. As a high level executive, Plaintiff led a team of 100+ consultants and managed and oversaw major client accounts generating multiple millions of dollars in annual revenues.

19. Plaintiff's position with Emids was extremely stressful requiring tremendous mental and physical stamina to engage in and lead constant meetings, briefings, client

- 3 -

interactions, and to provide critical, highly intellectual, and highly technical analysis with rapid fire decision making.

20. Plaintiff's position with Emids required frequent long distance travel and routinely required him to work 60+ hours a week in a high stress environment for weeks and months at a time.

## PLAINTIFF'S SICKNESS AND RESULTNG TOTAL DISABILITY

21. Beginning in approximately 2017 and continuing through the present, Plaintiff has suffered a serious, chronic, and progressively disabling sickness caused by an extraordinarily malignant and rare type of chronic internal shingles disease (herpes zoster) which is caused by infection and re-activation of the Varicella-Zoster Virus ("VZV"). Additionally, Plaintiff also suffered from "long haul" Covid symptoms.

22. As of no later than July 1, 2022, as result of sickness from his chronic VZV infection and re-activation, Covid, and other related and unrelated illnesses, Plaintiff became eligible for disability benefits within the terms of the Policy and Certificate.

23. From at least July 1, 2022, Plaintiff's pre-disability monthly Covered Earnings made him eligible for the Maximum Disability Benefit described in the Certificate.

## DEFENDANT'S ADVERSE BENEFIT DETERMINATION

24. On July 1, 2022, Plaintiff submitted a claim to Defendant for benefits under the Policy and Certificate.

25. Defendant denied Plaintiff's claim in a letter dated September 22, 2022. The only reason given for the denial was Defendant's claim that there was "no valid evidence demonstrating that you displayed any functional limitations due to an impairment which would preclude you from performing you [sic] full time occupational duties." The denial letter did not even mention Plaintiff's primary diagnosis of VZV infection and reactivation or his secondary diagnosis of long haul Covid which diagnoses are well documented in the records Defendant had obtained.

26. Plaintiff appealed the claim denial in a letter dated November 21, 2022.

27. With his appeal, Plaintiff again provided the Physician's Statement regarding Plaintiff signed on August 15, 2022 by Maria Nagel, MD, the nation's leading authority on Plaintiff's disabling VZV sickness. Dr. Nagel stated that she had been treating Plaintiff for more than two years, that he was unable to work since July 6, 2020 and that she had examined Plaintiff eight times from July 6, 2020 through August 5, 2022. She described in detail Plaintiff's chronic symptoms, functional limitations, and reasons that Plaintiff was unable to perform the material duties of his pre-disability occupation.

28. With his appeal, Plaintiff again provided 50 pages of medical records from Dr. Nagel regarding his chronic, progressive, and debilitating sicknesses and the impact they had on his ability to perform the duties of his pre-disability occupation.

29. On December 6, 2022, Plaintiff supplemented his appeal by providing Defendant with 48 pages of medical records from Plaintiff's primary care provider and his dermatologist.

30. On December 11, 2022, Plaintiff again supplemented his appeal by providing Defendant with 95 pages of medical records from the Mayo Clinic regarding Plaintiff's disabling sicknesses and functional limitations.

31. In a letter dated December 19, 2022, Defendant stated, "After completing our review of your appeal, we have concluded that an adverse benefit decision on your claim is warranted." Without discussing any specifics of Plaintiff's pre-disability regular occupation, the letter asserted that Plaintiff's occupation required only "light demand activities" and that Plaintiff was able to engage in light physical exertion in excess of what is required for "Sedentary Work." This letter did not even mention, let alone discuss or analyze Plaintiff's primary VZV diagnosis which is mentioned and discussed hundreds of times in the medical records provided to Defendant. Nor did the letter mention or discuss Plaintiff's long haul Covid. Instead, the letter focused on an inconsequential toe infection which was never stated to be a primary reason for Plaintiff's disability.

32. In a letter dated January 17, 2023, Defendant issued its final appeal decision again upholding Defendant's denial of benefits. Again, Defendant's letter did not mention Plaintiff's primary diagnosis. Nor did the letter analyze or discuss Plaintiff's pre-disability occupational duties, particularly the intellectual demands and physical stresses of Plaintiff's job. Instead, Defendant again focused only on minimal physical requirements of generic, non-specific "Sedentary Work" none of which have any relationship to Plaintiff's pre-disability real world occupational duties, his sickness, and his related functional impairments.

33. Defendant's denial of benefits is arbitrary and capricious, an abuse of discretion, and contrary to the evidence and law.

34. Plaintiff has exhausted his appeal rights and any other administrative remedies under the Policy and Certificate and his claim for benefits is ripe for adjudication in this Court.

## **COUNT ONE**

### **(Claim for Benefits Under ERISA)**

35. Plaintiff incorporates by reference the prior paragraphs of this Complaint as though fully set forth herein.

36. Plaintiff qualifies for disability benefits under the Policy and the Certificate and Plaintiff is therefore entitled to receive unpaid prior and future benefits.

37. Defendant abused its discretion and improperly and unlawfully denied Plaintiff's claim.

38. Defendant's decision to deny Plaintiff's claim is incorrect and contrary to the Policy, the Certificate, the evidence, and the law. Such decision was and is arbitrary and capricious.

39. In its role in the administration of the Plan, Defendant operates under an inherent financial conflict of interest because Defendant both funds benefits payable under the Policy and determines whether claimants are entitled to benefits. This financial conflict

of interest infected the claims and appeal processes and precluded a full and fair review of Plaintiff's claim required by ERISA, 29 U.S.C. §1133(2) and 29 C.F.R. §2560.503-1(g)(1) and (h)(2).

40. Defendant's inherent financial conflict of interest influenced and was a substantial factor in driving Defendant's decision to deny Plaintiff's claim.

41. Plaintiff has been damaged by Defendant's failure to pay benefits owed under the Policy and Certificate.

42. Pursuant to ERISA, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees, and costs from Defendant.

WHEREFORE, Plaintiffs request that judgment be entered against Defendants as follows:

A. Awarding Plaintiff past and future benefits in an amount to be proved at trial and for such time as Plaintiff continues to be entitled to benefits;

B. Awarding Plaintiff prejudgment interest;

C. Awarding Plaintiff's attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D. For such other and further relief as the Court deems just and proper.

DATED this 31st day of January 2023.

THE GUY LAW FIRM, LLP

*/s/ Steven S. Guy*
Steven S. Guy, Esq.
10105 E. Via Linda, Ste. 103
Scottsdale, AZ 85260
(480) 767-3175